UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGEL M. HANBERRY                         CIVIL ACTION

VERSUS                                                     NO. 20-246

CHRYSLER CAPITAL                         SECTION M (2)

**ORDER & REASONS**

Before the Court is a motion by defendant Santander Consumer USA Inc. d/b/a Chrysler Capital, erroneously named as Chrysler Capital ("Chrysler Capital"), to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1] Plaintiff Angel M. Hanberry[2] responds in opposition,[3] and Chrysler Capital replies in further support of its motion.[4]

**I. BACKGROUND**

This action concerns allegations of improper credit reporting. Hanberry had an automobile loan through Chrysler Capital.[5] She alleges that Chrysler Capital violated § 623(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a), by reporting to unspecified credit reporting agencies inaccurate and incomplete information regarding her account.[6] Further, she sent a letter to Chrysler Capital requesting a reinvestigation of her account.[7] Hanberry seeks damages and "civil penalties" for Chrysler Capital's alleged violations of § 1681s-2(a).[8]

---

[1] R. Doc. 9.
[2] Hanberry is proceeding *pro se*. Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).
[3] R. Doc. 10.
[4] R. Doc. 13.
[5] R. Doc. 1 at 9.
[6] *Id.* at 2-3.
[7] *Id.* at 6.
[8] *Id.* at 3-5.

**II.    PENDING MOTION**

Chrysler Capital argues that Hanberry failed to state a claim upon which relief can be granted because there is no private right of action under § 1681s-2(a).[9] Further, Chrysler Capital argues that Hanberry also failed to state a claim under § 1681s-2(b) because she did not allege that a credit report agency notified Chrysler Capital of the alleged dispute.[10] In opposition, Hanberry argues that she has a right of action under § 1681s-2(a) because she asked for a reinvestigation of her account, and Chrysler Capital did not timely respond.[11]

**III.   LAW & ANALYSIS**

    **A.  Rule 12(b)(6) Standard**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[9] R. Docs. 9-1 at 4-5; 13 at 2-4.
[10] R. Docs. 9-1 at 6-7; 13 at 5-8.
[11] R. Doc. 10 at 2.

to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (internal quotation marks and citation omitted)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Kitty Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir. 2005).  Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007)).

**B. The FCRA**

The FCRA regulates the consumer credit reporting industry. 15 U.S.C. §§ 1681, *et seq*. Under the FCRA, furnishers of credit information must provide accurate information on consumers to credit reporting agencies (15 U.S.C. § 1681s-2(a)), and they must fulfill certain duties upon being notified by a credit reporting agency of a dispute (15 U.S.C. § 1681s-2(b)). The Federal Trade Commission ("FTC"), or other authorized governmental agency, has the sole power to enforce § 1681s-2(a); thus, there is no private right of action under that statute. *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, at *5 (E.D. La. Mar. 28, 2003); *see also Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) (holding that Congress vested the power to obtain injunctive relief solely with the FTC); 15 U.S.C. § 1681s-2(d).

Hanberry's complaint states that she is bringing claims for Chrysler Capital's alleged violations of § 1681s-2(a). Because § 1681s-2(a) does not provide for a private right of action, Hanberry has failed to state a claim upon which relief can be granted, and she cannot do so as a matter of law.

Further, Hanberry has not alleged a claim under § 1681s-2(b). Such claims "require proof that a consumer reporting agency ... had notified [the defendant]" of a dispute. *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002) (holding that plaintiff's claims fail as a matter of law without evidence that defendant received notice of a dispute from a consumer reporting agency); *Burress v. Chase Card*, 2020 WL 1216703, at *2 (N.D. Tex. Feb. 18, 2020) (same). Hanberry asserts that she notified the credit reporting agencies of a dispute and then also notified Chrysler Capital herself. There is no allegation, much less proof, that Chrysler Capital received notice of a dispute from a consumer credit reporting agency. Thus, Hanberry has not stated a claim under § 1681s-2(b).

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Hanberry has fourteen (14) days from the date of this Order & Reasons to seek leave of court to file an amended complaint curing the deficiencies addressed herein, to the extent that they can be cured considering the applicable law.[12]

---

[12] Rule 15 allows a court to grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has recognized that "[i]n view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of the pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

IT IS FURTHER ORDERED that if Hanberry fails to cure the pleading deficiencies in the allotted time, Chrysler Capital's motion to dismiss (R. Doc. 9) will be GRANTED, dismissing Hanberry's complaint.

New Orleans, Louisiana, this 7th day of May, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE