UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGEL M. HANBERRY                                    CIVIL ACTION

VERSUS                                               NO. 20-246

CHRYSLER CAPITAL                                     SECTION M (2)

## ORDER & REASONS

Before the Court is a motion by defendant Santander Consumer USA Inc. d/ab/a Chrysler Capital ("Chrysler Capital") to dismiss plaintiff's second amended complaint.[1] Plaintiff Angel M. Hanberry, *pro se*, responds in opposition,[2] and Chrysler Capital replies in further support of its motion.[3]

In her original complaint, Hanberry alleged that her lender, Chrysler Capital, violated § 623(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a), by reporting to unspecified credit reporting agencies inaccurate and incomplete information regarding her account, and also that she sent a letter to Chrysler Capital requesting a reinvestigation of her account.[4] Chrysler Capital filed a Rule 12(b)(6) motion to dismiss the original complaint arguing that there is no private right of action under § 1681s-2(a) and that Hanberry failed to state a claim under § 1681s-2(b) because she did not allege that a credit reporting agency notified Chrysler

---

[1] R. Doc. 29.
[2] R. Doc. 30. Chrysler Capital's motion was set for submission on October 22, 2020. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was October 14, 2020. Hanberry's opposition, which was filed on October 21, 2020, was untimely. Although the Court construes *pro se* filing liberally, *pro se* parties are still required to "abide by the rules that govern the federal courts," so the Court could grant Chrysler Capital's motion as unopposed on this basis alone. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). However, because she is proceeding *pro se* and Chrysler Capital has filed a reply, the Court will consider Hanberry's opposition.
[3] R. Doc. 33.
[4] R. Doc. 1.

Capital of the alleged dispute.[5] This Court granted Chrysler Capital's motion, holding that there is no private right of action under § 1681s-2(a), and allowing Hanberry an opportunity to file an amended complaint to properly allege a claim under § 1681s-2(b), to the extent possible under applicable law.[6]

In response, Hanberry filed an amended complaint, but in it she did not allege, or attach evidence, that Chrysler Capital received notice of a dispute from a consumer credit reporting agency.[7] As a result, the Court issued a show-cause order giving Hanberry another 14 days to file a proper amended complaint.[8] Hanberry responded to the show-cause order with a memorandum, rather than a proper amended complaint.[9] The Court noted that, in the memorandum, Hanberry attempted to explain why she believed that credit reporting agencies had notified Chrysler Capital of her dispute, which explanation was not included in the first amended complaint.[10] The Court further noted that the first amended complaint does not state a claim under 15 U.S.C. § 1681s-2(b), and it ordered Hanberry to file within 14 days a second amended complaint that includes as allegations the statements made in her response to the show-cause order.[11] The Court warned Hanberry that failure to file such an amended complaint would result in dismissal of this action without prejudice.[12] The Court said that Chrysler Capital would be able to file a motion to dismiss Hanberry's second amended complaint if she still did not adequately state a claim under § 1681s-2(b).[13] Hanberry filed a document titled "Order and Reasons Allowing Plaintiff to File a Second

---

[5] R. Doc. 9.
[6] R. Doc. 14.
[7] R. Doc. 17.
[8] R. Doc. 21.
[9] R. Doc. 22.
[10] R. Doc. 23.
[11] *Id.*
[12] *Id.*
[13] *Id.*

Amended Complaint"[14] that again fails to read like a proper complaint with numbered paragraphs and a clear statement of claims as required by Rule 8 of the Federal Rules of Civil Procedure.

In the motion before the Court, Chrysler Capital argues that the "second amended complaint" should be dismissed because it is in an improper form and it fails to state a claim under § 1681s-2(b) because there is no evidence that Chrysler Capital received notice of Hanberry's dispute from a credit reporting agency.[15]  Pretermitting whether Hanberry's *pro se* second amended complaint is in a proper form, the Court holds that it must be dismissed because Hanberry still has not properly alleged a claim under § 1681s-2(b) after being given multiple opportunities to remedy her pleading deficiencies.  Hanberry's opposition does not change the analysis and adds nothing that would salvage her suit.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Chrysler Capital's motion to dismiss (R. Doc. 29) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 22nd day of October, 2020.

*[signature]*

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 24.
[15] R. Docs. 29; 33.